# ATTACHMENT A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )  Case No.
GEOLOCATION FOR CELLULAR PHONE  )
NUMBER ▮▮▮▮▮▮▮▮  )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The location information pertaining to the cellular telephone number assigned call number ▮▮▮▮▮▮. This court had the authority to issue this warrant under 18 U.S.C. Section 2703(c)(1)(A) and FRCP 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

The location information pertainint to the cellular telehone number assigned call number ▮▮▮▮▮▮ And evidence relating to violations of 21 U.S.C. Section 841 & 846.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21, United States Code, Section 841(a)(1) and 21 U.S.C. Section 846 | "Possession With Intent to Distribute and Distribution of Controlled Substances." "Conspiracy to Commit Such Offenses" |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Sworn to before me and signed in my presence.

Date: _____

*Judge's signature*

City and state: Washington, DC               Magistrate Judge Deborah A. Robinson
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR AN ORDER ) <br> AUTHORIZING THE MONITORING OF GLOBAL ) <br> POSITIONING SYSTEM INFORMATION AND ) <br> CELL SITE DATA FOR VERIZON WIRELESS ) <br> CELLULAR TELEPHONE WITH NUMBER ) <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ) | Mag. No. <br> (Under Seal) |

**AFFIDAVIT IN SUPPORT OF AN ORDER AND/OR SEARCH/TRACKING WARRANT
FOR CELL SITE AND GLOBAL POSITIONING SYSTEM INFORMATION**

I, ▮▮▮▮▮▮▮▮ Special Agent with the Federal Bureau of Investigation, Washington, D.C. Field Office, Washington, D.C., (hereinafter the "affiant") being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I make this Affidavit in support of an Application for a Court Order and/or Search/Tracking Warrant under Federal Rule of Criminal Procedure 41, 18 U.S.C. § 2703(c)(1)(A), authorizing the monitoring of information about – that is, global positioning information (GPS) and cell site data concerning – the prospective location of the cellular telephone assigned call number ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ whose service provider is Verizon Wireless, a wireless telephone service provider with an address at 180 Washington Valley Rd, Bedminster, NJ 07921. ▮▮▮▮ target telephone is subscribed to by, or in the listed name of, ▮▮▮▮▮▮▮▮▮ with a subscriber listed address of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The target telephone is utilized by an individual named ▮▮▮▮▮▮▮▮▮ who is described below as being a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This Court has authority to issue the requested warrant in this matter because it is a court of competent jurisdiction in that it is a "district

court of the United States (including a magistrate judge of such court) . . . that (i) has jurisdiction over the offense being investigated." 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A)(i).

    2.    I am "an investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.



2

4. This affidavit is based, in part, upon information provided to me by other agents of the FBI and detectives from information provided by cooperating individuals, physical surveillance, and other information gathered during the course of this investigation. Because this affidavit is being submitted for the limited purpose of securing an order directing telecommunications service providers to give law enforcement cell site and Global Positioning System ("GPS") information, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the issuance of an order directing the service providers to supply cell site and GPS information.

5. As a result of my personal participation in this investigation, as well as through interviews with, and analysis of, reports submitted by other agents of the FBI and detectives from who are involved in this investigation, I am familiar with this investigation. On the basis of this familiarity, and on the basis of other information which I have reviewed and determined to be reliable, I allege the facts to show there is probable cause to believe the locations of the target telephone, Verizon Wireless cellular telephone number will provide relevant evidence to help enable the FBI to locate and conduct surveillance on a drug trafficker, who is now known to your affiant as while he participates in the possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and

3

conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

6. Your affiant knows drug traffickers often use one or more sources for their illegal drugs and hide their supply of controlled substances, drug paraphernalia, and assets associated with their drug activities at various locations.

7. Your affiant also knows that when a cellular telephone is in use, signals are transmitted and received by cellular towers and the location of the cellular towers utilized by the phone are recorded by the service provider, in this case Verizon Wireless. The service provider can supply this information on an ongoing basis. Knowing the location of cellular towers activated by a specific cellular telephone provides the general geographic location of the cellular telephone. Moreover, by using additional technology involving the use of the GPS, the service providers can sometimes determine the location of the cellular telephone to within a few feet. However, this GPS information can only be obtained upon a specific request for a particular time.

## THE INVESTIGATION



8. In January 2016, FBI and ▇▇▇ began an investigation into a group of individuals distributing drugs in Northeast Washington, D.C. and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. In February 2016, a person known to law enforcement as ▇▇▇▇▇▇▇▇▇▇ was identified as a member of this group and an individual who distributed ▇▇▇▇▇▇▇▇▇▇▇▇ in the Washington, D.C metropolitan area. To date, the investigation has involved ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ These investigative techniques, and intelligence derived from them, demonstrate that ▇▇▇▇▇▇▇▇ is a ▇▇▇▇▇▇▇▇ as well as

4

someone who supplies drugs to others for the purpose of redistribution. [1]

9. In February 2017, ▮ and the FBI ▮ hereinafter referred to as ▮ ▮ they routinely received ▮ for the purposes of redistribution. ▮ and identified ▮ various quantities of ▮ from ▮ over the course of their relationship. Moreover, ▮ multiple ounce quantities of ▮ for resale on consignment from ▮ was present when ▮ ▮ during this conversion process. ▮ where this ▮ had occurred.

10. ▮ presently controls parts of his ▮ operation. ▮ presently uses a ▮ who ▮ ▮ Through the course of the investigation, law enforcement was able to identify ▮ an address and telephone number for ▮ the location where ▮ is converting ▮ the address where this is occurring and ▮ a physical description and moniker for the resident of this address. Through the course of the investigation, law enforcement was able to identify the resident of this address as ▮



5

███████████████████████████████ the individual ████████████████████
████████████████████████████████████ the purchase of a ████████████
█████ from this individual. ████████████████ propensity to use rental vehicles as a means of defeating detection by law enforcement and the fact that ███████████████ armed with a gun.

11. On March 15, 2017, ████████████████████████████████████████
████████████████. On that same date, at 1:58 p.m., ████████████████████ using a telephone number which had previously been provided by ███████ This call went to voicemail. ████████████████████████ using this number, with no success.

12. At 2:17 p.m., ████ then placed a call to an individual ████████████
████████████████████████████ to obtain ██████████████ and to be in regular contact with ████████████████████████ possessed a different telephone number for ████ as the telephone number ████ possessed did not appear to be operable. ███████ responded he had recently been in touch with ███████████ further stated he would contact ████████████████████████

13. According to ████████████████████████ to communicate using coded language. For instance, the use of the term ████████████████████████████████
████████████████████████████████

14. At 2:25 p.m., ████ received an incoming call from ██████████████ target telephone. ████ answered this call. Upon answering the call, ██████████████
████ During the conversation, ████████████████████████████ also noted ████ had a portion of the debt owed to ████████████████████████████

6

Case 1:23-cr-09999-USA Document 183-1 Filed 05/22/23 Page 9 of 17

▇▇▇ would need to contact ▇▇▇ This call was not recorded.[2]

15. At 3:03 p.m., ▇▇▇ confirmed ▇▇▇ had telephoned ▇▇▇ "new number." ▇▇▇ asked, ▇▇▇ then advised ▇▇▇ of the price and ▇▇▇ agreed. ▇▇▇ and ▇▇▇ were using "that" as ▇▇▇

16. At 3:07 p.m., ▇▇▇ placed a call to ▇▇▇ target telephone. ▇▇▇ they were calling to let ▇▇▇ had spoke. ▇▇▇ instructed ▇▇▇ in the affirmative. ▇▇▇ further ▇▇▇ would have to go see ▇▇▇ to receive the ▇▇▇ ▇▇▇ again stated, ▇▇▇ ▇▇▇ was referring to a drug debt owed by ▇▇▇ in the discussion regard the ▇▇▇

17. At 3:13 p.m., ▇▇▇ and ▇▇▇ discussed arrangements for ▇▇▇ to meet. This call was recorded ▇▇▇

18. At 3:30 p.m., ▇▇▇ and

---

▇▇▇

7

███████ again discussed where and when ████████████ would meet. This call was recorded ████████████

19. At 4:44 p.m., law enforcement observed ████████████████████████████████████████████████████ This vehicle was observed leaving the area of ████████████████████████ being the sole occupant of the vehicle.

20. At 4:53 p.m., law enforcement observed the same ████████████ arrive at the meeting location, within the District of Columbia, which had been determined by ████ and ████████████ was observed entering the vehicle on the passenger side. ████████ provided ████████████████████████████████████ Approximately two minutes after entering the vehicle, ████████████████████████ departed. ████████████████████████████████████████████████████████

21. At 5:19 p.m., ████████████████████ using the ████ target telephone. ████ advised ████████████████████████████████████████████████████ stated, ████████████████████████████████████████████████████ ████████ with the ████████ once again responded, ████████████████████ ████████

22. This controlled drug buy corroborated some information already known to investigators, your affiant believes the overall goals of this investigation will be advanced through obtaining GPS data related to ████ movements. ████████████████████████ and searches of law enforcement databases have been unable to assist in efforts to determine a primary

8

residence for ▇ Determining ▇ methods of operation and the procedures he uses in his drug distribution activities, the identities of co-conspirators, customers, and suppliers and the identity and location of assets acquired with drug proceeds are all goals of the in the investigation which can be advanced through the use of GPS data.

## INVESTIGATIVE PURPOSES OF THE
## GEOLOCATION INFORMATION AND CELL SITE DATA

23. ▇ has been identified as an individual who supplies ▇ with ▇ The cellular telephone location data for the target telephone, ▇ will assist agents in locating possible locations where ▇ may be hiding his drugs and/or other assets associated with his illegal drug trafficking activities and may identify the location of his source of supply, where he manufactures his ▇ or other areas relevant to the investigation. Based on your affiant's training and experience, one of the most useful, undetectable and reliable ways to identify the foregoing information and to quickly and safely locate criminal targets is to evaluate the pattern of calls made to and from the target telephone, and to obtain information identifying subscribers for these calls, and to then conduct an investigation concerning those individuals. One such way this telephone location data could be used, is your affiant directing other investigators to conduct surveillance at addresses based upon subscriber information and/or ▇ information and to determine if the criminal target is present at times when the target telephone is present in the geographic area served by an active cell-site. Your affiant has determined that there are no other reasonable means to obtain this information. Physical surveillance is hampered by the fact that ▇ is very cautious about potential surveillance. As noted above, ▇ use of rental vehicles is designed to defeat law enforcement surveillance efforts. Moreover, the use of

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as a conduit to conduct drug deals is a method often employed by drug dealers to shield themselves from both potential criminal liability and detection by law enforcement.

24. In your affiant's training and experience, I have learned that Verizon Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

25. Based on my training and experience, I know that Verizon Wireless can collect E-911 Phase II data about the location of the target telephone, including by initiating a signal to determine the location of the target telephone on Verizon Wireless' network or with such other reference points as may be reasonably available. Based on my training and experience, I know

10

that Verizon Wireless can collect cell-site data about the target telephone. The government is seeking both E-911 Phase II data, which also is known as GPS data, as well as cell-site data.

## AUTHORIZATION AND REQUESTS

26. Based on the foregoing, I request that the Court issue an Order and/or Search/Tracking warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c), to authorize electronic surveillance of the geo-location of the target telephone for thirty (30) days.

27. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the Order and/or Warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the target telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a (b)(2).

28. I further request that the Court direct Verizon Wireless to disclose to the government any information as described herein and in the Application for a Search Warrant that is within the possession, custody, or control of Verizon Wireless for a period of 30 days during all

11

times of day and night. I also request that the Court direct Verizon Wireless to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the requested location information unobtrusively and with a minimum of interference with Verizon Wireless' services, including by initiating a signal to determine the location of the target telephone on Verizon Wireless' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

29. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target telephone outside of daytime hours.

30. I further request that the Court order that all papers in support of this application including the affidavit, search/tracking warrant, and corresponding Court Order, be sealed until further order of the Court. Such an order is justified because notification of the existence of the requested Order and warrant would seriously jeopardize the ongoing investigation. Such a disclosure would also give the subscriber of the target telephone, or its actual user, an opportunity to destroy evidence, change patterns of behavior, notify confederates, and/or flee from prosecution. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

## **CONCLUSION**

31. Your affiant asserts that the facts contained within this affidavit establish probable cause to believe that the location of the target telephone with cellular service provided by Verizon Wireless will provide relevant evidence to permit the FBI to facilitate the location and surveillance of the above-noted target while he participates in the possession of controlled substances with intent to distribute, distribution of controlled substances, and attempts and conspiracies to do the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.



Sworn and subscribed to before me this _____ day April, 2017

_____

United States Magistrate Judge
for the District of Columbia

13

Form B

# UNITED STATES DISTRICT COURT
for the
District of Columbia

IN THE MATTER OF THE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR AN ORDER
AUTHORIZING THE MONITORING
OF GLOBAL POSITIONING SYSTEM INFORMATION
AND CELL SITE DATA FOR A VERIZON PHONE WITH
THE CALL NUMBER ▮▮▮▮▮▮
)

Case. 1:17-mj-000194
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 04/03/2017
Description Search & Seizure Warrant

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the COLLECTION OF PROSPECTIVE GEOLOCATION INFORMATION AND CELL SITE DATA FOR A PERIOD OF 30 DAYS

on the cellular phone assigned phone number ▮▮▮▮▮▮

I find that the affidavit establishes probable cause to search and seize the geolocation data and cell site data on the cellular telephone bearing telephone number ▮▮▮▮▮▮

**YOU ARE COMMANDED** to execute this warrant on or before  April 17, 2017
(not to exceed 14 days)

☐     in the daytime 6:00 a.m. to 10 p.m.

☒     at any time in the day or night as I find
reasonable cause has been established.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge DEBORAH A. ROBINSON, for the VERIZON cellular telephone with the number ▮▮▮▮▮▮

Date and time issued: APR 03 2017 3:50 pm          _____
                                                    Judge's signature

City and state: District of Columbia                DEBORAH A. ROBINSON
                                                    U.S. MAGISTRATE JUDGE
                                                    *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 17-MJ-00194 | Date and time warrant executed: April 4, 2017 1000 AM | Copy of warrant and inventory left with: Verizon Wireless |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

On April 4 2017, Verizon Wireless was provided a search warrant for geolocation and/or cell site data. for ▓▓▓ Beginning on April 4 2017 ~~and without~~ and terminating on April 23 2017, when the phone was cut off, Verizon provided the requested cell site data.

**FILED**

MAY 01 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 5/1/2017