# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO! INC. RELATING TO MULTIPLE ACCOUNTS | Misc. No. _____ <br><br> **Filed Under Seal** |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT YAHOO! INC. RELATING TO MULTIPLE ACCOUNTS**

The United States of America respectfully submits under seal this ex parte application for

an order pursuant to 18 U.S.C. § 2703(d). This application is accompanied by a motion to seal and

for nondisclosure pursuant to 18 U.S.C. § 2705(b). The proposed order would require Yahoo, an

electronic communications service provider located in Sunnyvale, CA, to disclose certain records

and other information associated with the accounts described in Part I of Attachment A to the

proposed order. The records and other information to be disclosed are described in Part II of

Attachment A. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.     Yahoo is a provider of an electronic communication service, as defined in 18 U.S.C.

§ 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly,

the United States may use a court order issued under section 2703(d) to require Yahoo to disclose

the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of

Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     This Court has jurisdiction to issue the requested Order because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction

over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation likely occurred within Washington, DC. *See* 18 U.S.C. § 3237. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3.     A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating a series of bomb threats emailed to various ██████████████████████████████████████ which is located in Washington, D.C. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 844(e).

5.     On March 9, 2017, ████████████████ received a threat from email account ██████████████████ The email stated, in part, "A group of individuals who I use [sic] to work for with have successfully planted pipe bombs ████████████ and the devices are set to go off soon at a busy hour of the day . . . They will be detonated via a cell phone that my group leader has in his possession. . . . I know you may not take this notification seriously because all the recent bomb threats ██████ in the past few weeks. This totally unrelated [sic] to those hoax's [sic], My group is of serious men and is for absolutely certainly they are going to detonate the device later."

2

6. On that same date, ████████████████████████████████ ████████████████████—received substantially identical emailed bomb threats, two of which came from ████████████████████ Those threats included the sentence quoted in ¶5 above about being totally unrelated to other hoaxes ██████████

7. As part of this investigation, the FBI is also investigating threats emailed ████████ occurring on March 6, 7, 8, 10, 12, and 14, 2017. Those threats were all sent from Gmail accounts. Generally speaking, a different Gmail account was used for each day and each day's threats were substantially identical to each other, but not to those sent on any other day.[2] The emails all referenced bombs in some way—some referenced pipe bombs, while others referenced pressure cooker bombs. Many, although not all, of the emails referred to detonating the bombs with cell phones or at a busy time of day. One email referenced ███████████████████████ which is located physically ███████████████████ Based on the FBI's analysis to this point, it has determined, based on, *inter alia*, the timing and similarities in language, that all the above email threats are likely related and/or are consistent with having originated from the same individual or groups of individuals (although that is not the only possible explanation).

8. According to representatives of Yahoo, the company keeps records that can reveal Yahoo accounts accessed from the same electronic device (*i.e.* computer or mobile phone) as a known account, including accounts that are linked by "cookies," which are small pieces of text sent to the user's Internet browser when visiting websites. This order requires Yahoo to identify any other accounts accessed by the same device(s) that accessed the account(s) described in

---

[1] As of filing, neither undersigned counsel nor the assigned FBI case agents knows what account the threat on the ████████████ was emailed from.
[2] One Gmail account was used on both March 7 and 8, and two separate accounts sent threats on March 14.

Part I of Attachment A, including accounts linked by cookies, creation IP address, recovery email address, or telephone number.

██████████████████████████████████████████

12.     Records produced by Yahoo show that the target suspect accessed accounts from Internet Protocol address ███████ multiple times on March 8, 2017.

13.     Yahoo keeps records of which Internet Protocol addresses access which Yahoo accounts and services. Records and information associated with each IP address identified here, including whether it accessed any Yahoo accounts during the relevant time period, are relevant and material to the ongoing criminal investigation described above in that they may assistant law enforcement officers in identifying and locating the target suspect.

**REQUEST FOR ORDER**

14.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that Yahoo be directed to produce all items described in Part II of Attachment A to the proposed Order.

15.     The United States further requests that the Order require Yahoo not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A.  *See* 18 U.S.C. § 2705(b).  Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order.  *See* 18 U.S.C. § 2703(c)(3).  Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service

or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

16.  An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

17.     In this matter, the Government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order.  *See id.*

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793


By: _____/s/_____
ERIK M. KENERSON
Assistant United States Attorney
Ohio Bar Number 82960
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-7201
Email: Erik.Kenerson@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT YAHOO! INC.
RELATING TO MULTIPLE ACCOUNTS

Misc. No. _____

**Filed Under Seal**

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of this Order of the Court to any other person for a period of 180 days or until otherwise

ordered by the Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

       IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.


                                                       _____

                                                        THE HONORABLE ROBIN M. MERIWEATHER
                                                        UNITED STATES MAGISTRATE JUDGE

_____

Date


CC:    ERIK M. KENERSON
          Assistant United States Attorney
          United States Attorney's Office
          555 Fourth Street, N.W.
          Washington, D.C.  20530
          Email: erik.kenerson@usdoj.gov

## ATTACHMENT A

**I. The Account(s)**

**I.    The Account(s)**

The Order applies to certain records and information associated with any Yahoo account(s) accessed from any of the following Internet Protocol addresses, at or during the following dates and times:

      A.    Internet Protocol address ████████ on March 8, 2017, at 03:02:57-UTC.

      B.    Internet Protocol address ████████ on March 8, 2017, at 03:36:40-UTC.

**II.    Records and Other Information to Be Disclosed**

Yahoo is required to disclose the following records and other information, if available, to the United States for each account identified in Part I of this Attachment ("Account"), for the time period _____:

      A.    The following information about the customers or subscribers of the Account, and for all Yahoo accounts that are linked to the Account by cookies, creation IP address, recovery email address, or telephone number, provide:

      1.    Names (including subscriber names, user names, and screen names);

      2.    Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

      3.    Local and long distance telephone connection records;

      4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      5.    Length of service (including start date) and types of service utilized;

      6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"),

Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account (but not for linked accounts), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

### CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
### PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by **[[PROVIDER FULL NAME]]**, and my official title is _____. I am a custodian of records for **[[PROVIDER]]**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of **[[PROVIDER]]**, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.    All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.    Such records were kept in the ordinary course of a regularly conducted business activity of **[[PROVIDER]]**; and

c.    Such records were made by **[[PROVIDER]]** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.


_____      _____
Date                                                  Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO! INC. RELATING TO MULTIPLE ACCOUNTS | Misc. No. 17-mc-00656 <br><br> **Filed Under Seal** |

## AMENDED APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO! INC. RELATING TO MULTIPLE ACCOUNTS

The United States of America respectfully submits under seal this ex parte application for an order pursuant to 18 U.S.C. § 2703(d). This application is accompanied by a motion to seal and for nondisclosure pursuant to 18 U.S.C. § 2705(b). The proposed order would require Yahoo, an electronic communications service provider located in Sunnyvale, CA, to disclose certain records and other information associated with the accounts described in Part I of Attachment A to the proposed order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1. Yahoo is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Yahoo to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction

over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation likely occurred within Washington, DC. *See* 18 U.S.C. § 3237. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3.      A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.      The United States is investigating a series of bomb threats emailed to various ███████████████████████████████████████████ which is located in Washington, D.C. The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 844(e).

5.      On March 9, 2017, ███████████████ received a threat from email account ███████████████ The email stated, in part, "A group of individuals who I use [sic] to work for with have successfully planted pipe bombs ███████████ and the devices are set to go off soon at a busy hour of the day . . . They will be detonated via a cell phone that my group leader has in his possession.  . . . I know you may not take this notification seriously because all the recent bomb threats ████████ in the past few weeks.  This totally unrelated [sic] to those hoax's [sic], My group is of serious men and is for absolutely certainly they are going to detonate the device later."

6.      On that same date, ███████████████████████████████████████████
██████████████████████—received substantially identical emailed bomb threats, two of which
came from ████████████████████. Those threats included the sentence quoted in ¶5 above
about being totally unrelated to other hoaxes ██████.

7.      As part of this investigation, the FBI is also investigating threats emailed ████████
occurring on March 6, 7, 8, 10, 12, and 14, 2017.  Those threats were all sent from Gmail accounts.
Generally speaking, a different Gmail account was used for each day and each day's threats were
substantially identical to each other, but not to those sent on any other day.[2]  The emails all
referenced bombs in some way—some referenced pipe bombs, while others referenced pressure
cooker bombs.  Many, although not all, of the emails referred to detonating the bombs with cell
phones or at a busy time of day.  One email referenced ████████████████████ which
is located physically ██████████████████████ Based on the FBI's analysis to this point, it
has determined, based on, *inter alia*, the timing and similarities in language, that all the above
email threats are likely related and/or are consistent with having originated from the same
individual or groups of individuals (although that is not the only possible explanation).

8.      According to representatives of Yahoo, the company keeps records that can reveal
Yahoo accounts accessed from the same electronic device (*i.e.* computer or mobile phone) as a
known account, including accounts that are linked by "cookies," which are small pieces of text
sent to the user's Internet browser when visiting websites. This order requires Yahoo to identify
any other accounts accessed by the same device(s) that accessed the account(s) described in

---

[1] As of filing, neither undersigned counsel nor the assigned FBI case agents knows what account the threat on the
████████████ was emailed from.
[2] One Gmail account was used on both March 7 and 8, and two separate accounts sent threats on March 14.

Part I of Attachment A, including accounts linked by cookies, creation IP address, recovery email address, or telephone number.



██████████████████████████████

12.     Records produced by Yahoo show that the target suspect accessed accounts from Internet Protocol address ███████ multiple times on March 8, 2017.

13.     Yahoo keeps records of which Internet Protocol addresses access which Yahoo accounts and services. Records and information associated with each IP address identified here, including whether it accessed any Yahoo accounts during the relevant time period, are relevant and material to the ongoing criminal investigation described above in that they may assistant law enforcement officers in identifying and locating the target suspect.

## REQUEST FOR ORDER

14.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that Yahoo be directed to produce all items described in Part II of Attachment A to the proposed Order.

15.     The United States further requests that the Order require Yahoo not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A.  *See* 18 U.S.C. § 2705(b).  Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order.  *See* 18 U.S.C. § 2703(c)(3).  Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service

or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

16.     An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

17.     In this matter, the Government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order.  *See id.*

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793


By: _____/s/_____
    ERIK M. KENERSON
    Assistant United States Attorney
    Ohio Bar Number 82960
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C.  20530
    Telephone: (202) 252-7201
    Email: Erik.Kenerson@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO! INC. RELATING TO MULTIPLE ACCOUNTS** | Misc. No. 17-mc-00656 <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of this Order of the Court to any other person for a period of 180 days or until otherwise

ordered by the Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
THE HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

_____
Date


CC:    ERIK M. KENERSON
       Assistant United States Attorney
       United States Attorney's Office
       555 Fourth Street, N.W.
       Washington, D.C.  20530
       Email: erik.kenerson@usdoj.gov

## ATTACHMENT A

**I. The Account(s)**

**I. The Account(s)**

The Order applies to certain records and information associated with any Yahoo account(s) accessed from any of the following Internet Protocol addresses, at or during the following dates and times:

A. Internet Protocol address ██████ on March 8, 2017, at 03:02:57-UTC.

B. Internet Protocol address ██████ on March 8, 2017, at 03:36:40-UTC.

**II. Records and Other Information to Be Disclosed**

Yahoo is required to disclose the following records and other information, if available, to the United States for each account identified in Part I of this Attachment ("Account"), for the time period of March 1, 2017 to the Present:

A. The following information about the customers or subscribers of the Account, and for all Yahoo accounts that are linked to the Account by cookies, creation IP address, recovery email address, or telephone number, provide:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"),

Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7.       Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.       Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.      All records and other information (not including the contents of communications) relating to the Account (but not for linked accounts), including:

1.       Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2.       Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS<br>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo, and my official title is _____. I am a custodian of records for Yahoo**]**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

        a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

        b.      Such records were kept in the ordinary course of a regularly conducted business activity of Yahoo; and

        c.      Such records were made by Yahoo as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.


_____     _____
Date                       Signature

**FILED**

**MAR 3 0 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRIC

Case: 1:17-mc-00656
Assigned To : Meriweather, Robin M.
Assign. Date : 3/23/2017
Description: Misc.

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT YAHOO! INC.
RELATING TO MULTIPLE ACCOUNTS

<u>Filed Under Seal</u>

## <u>ORDER</u>

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of this Order of the Court to any other person for a period of 180 days or until otherwise



ordered by the Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

Date

THE HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

CC:    ERIK M. KENERSON
       Assistant United States Attorney
       United States Attorney's Office
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       Email: erik.kenerson@usdoj.gov

Denied as moot in
light of amended
application & order.

3/29/17

2

# **ATTACHMENT A**

**I. The Account(s)**

**I.    The Account(s)**

The Order applies to certain records and information associated with any Yahoo account(s) accessed from any of the following Internet Protocol addresses, at or during the following dates and times:

      A.     Internet Protocol address ████████ on March 8, 2017, at 03:02:57-UTC.

      B.     Internet Protocol address ████████ on March 8, 2017, at 03:36:40-UTC.

**II.    Records and Other Information to Be Disclosed**

Yahoo is required to disclose the following records and other information, if available, to the United States for each account identified in Part I of this Attachment ("Account"), for the time period _____:

      A.     The following information about the customers or subscribers of the Account, and for all Yahoo accounts that are linked to the Account by cookies, creation IP address, recovery email address, or telephone number, provide:

            1.     Names (including subscriber names, user names, and screen names);

            2.     Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

            3.     Local and long distance telephone connection records;

            4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

            5.     Length of service (including start date) and types of service utilized;

            6.     Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"),

Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account (but not for linked accounts), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by **[[PROVIDER FULL NAME]]**, and my official title is _____. I am a custodian of records for **[[PROVIDER]]**. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of **[[PROVIDER]]**, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

      a.     All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

      b.     Such records were kept in the ordinary course of a regularly conducted business activity of **[[PROVIDER]]**; and

      c.     Such records were made by **[[PROVIDER]]** as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____     _____

Date                    Signature

FILED

MAR 3 0 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO! INC. RELATING TO MULTIPLE ACCOUNTS | Misc. No. 17-mc-00656 <br><br> **Filed Under Seal** |

## ORDER

 The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

 IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

 IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of this Order of the Court to any other person for a period of 180 days or until otherwise

ordered by the Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

THE HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

3/29/2017
Date

CC:   ERIK M. KENERSON
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Email: erik.kenerson@usdoj.gov

# **ATTACHMENT A**

## I.  The Account(s)

### I.  The Account(s)

The Order applies to certain records and information associated with any Yahoo account(s) accessed from any of the following Internet Protocol addresses, at or during the following dates and times:

A.  Internet Protocol address ███████ on March 8, 2017, at 03:02:57-UTC.

B.  Internet Protocol address ███████ on March 8, 2017, at 03:36:40-UTC.

## II.  Records and Other Information to Be Disclosed

Yahoo is required to disclose the following records and other information, if available, to the United States for each account identified in Part I of this Attachment ("Account"), for the time period of March 1, 2017 to the Present:

A.  The following information about the customers or subscribers of the Account, and for all Yahoo accounts that are linked to the Account by cookies, creation IP address, recovery email address, or telephone number, provide:

1.  Names (including subscriber names, user names, and screen names);

2.  Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3.  Local and long distance telephone connection records;

4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.  Length of service (including start date) and types of service utilized;

6.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"),

Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account (but not for linked accounts), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo, and my official title is _____. I am a custodian of records for Yahoo]. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Yahoo; and

c. Such records were made by Yahoo as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                      Signature