# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
                                        )
IN RE APPLICATION OF THE                )
UNITED STATES OF AMERICA FOR            )      MISC. NO. ____
AN ORDER PURSUANT TO                     )
18 U.S.C. § 2703(d)                      )      **Filed Under Seal**
                                        )
```

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require Google, an Internet Service Provider located in

Mountain View, CA, to disclose certain records and other information pertaining to the email

account(s) ██████████████ The records and other information to be disclosed are

described in Attachment A to the proposed Order. In support of this application, the United

States asserts:

## LEGAL BACKGROUND

1.      Google is a provider of an electronic communications service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Google

to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A

of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>THE RELEVANT FACTS</u>

4.     The United States Government, including the FBI, is investigating a mid-flight attempt to highjack a helicopter at gunpoint and use the helicopter to break a known terrorist out of prison in      The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 2339B (material support for terrorist organizations). The     left-wing terrorist group      has been designated by the United States Secretary of State designated as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act and      as a Specially Designated Global Terrorist under 1(b) of Executive Order 13224. According to information obtained by the FBI,     is the self-proclaimed leader of      claimed responsibility for      and the FBI suspects      and his group to be behind bombings and/or attempts to bomb several prominent American businesses     



6. On ███████████ at approximately 1:45 p.m. local time, while ███████ was incarcerated prior to sentencing, a six-person helicopter departed from the ███████████████████████, on a scheduled flight to ███████████ in the ███████████████████████ According to ████████ authorities, the helicopter carried a female ███████ passenger, who had chartered the flight, and it was scheduled to pick up other passengers along the way. At approximately 2:15 p.m., while in flight above ███████████████████ the female passenger threatened the pilot with a gun and demanded that the helicopter alter its course to ███████████ prison, where ████████████ was being detained. The pilot attempted to disarm the woman, and during the struggle the gun discharged twice. Neither the pilot nor the woman were injured, but ██████ law enforcement later found two holes in the windshield and one in the helicopter's instrument panel.

7. The pilot was able to gain control of the helicopter and make a forced landing on a mountainside. The pilot attempted to detain the woman but was unsuccessful and she fled the scene. ██████████████████████ initiated an investigation, and its investigation revealed that a forged identity card in the name of ████████████ was used to charter the helicopter. According to the ██████ a shell casing recovered from the helicopter matched the

results from a gun that was fired during an armed robbery committed by ███████ and an unidentified accomplice. Moreover, ███ conducted DNA analysis on the shirt the pilot was wearing during the attempted highjacking and was able to generate a female DNA profile. This profile matched four other items collected in the past during searches by the ███ of locations where ███████ was present.[1]

    8.    The female passenger who chartered the helicopter provided a contact email address of ███████

REQUEST FOR ORDER

    9.    The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

    10.    The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation

---

[1] The ███ does not currently possess a known sample of ███████

that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

11.      The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Channing D. Phillips
UNITED STATES ATTORNEY

Erik Kenerson
Assistant United States Attorney
Ohio Bar # 82960
555 Fourth Street N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE     )
UNITED STATES OF AMERICA FOR  )    MISC. NO. ____
AN ORDER PURSUANT TO      )
18 U.S.C. § 2703(d)          )
                                )    **Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, an electronic communications service provider and/or a remote computing service located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise

authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
The Honorable G. Michael Harvey
United States Magistrate Judge

_____
Date

## ATTACHMENT A

### I.    The Account(s)

The Order applies to certain records and other information for any Google account associated with any of the following identifier(s), and any Google account linked thereto by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier:

- 

### II.    Records and Other Information to Be Disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Google account linked to such account or identifier by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses);

        7.    Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    **B.    For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1.    Information about each email sent, received, or stored in draft form by the Account, including the date and time, source and destination information (including account identifiers, email addresses, and IP addresses); and all email header information;

2. Information about other types of communication sent or received by the Account (for example, using Google Voice, Hangouts, or Google+), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

3. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

4. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

5. Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the Account or subscriber (or any unique device or user identifier linked thereto), including any memoranda, notes, files, and any other records related to meetings or discussions about the Account or subscriber (except confidential communications with legal counsel).

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Google to identify or track users or devices, including any cookies used by or known to Google, unique application number, Android ID, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Google, and my official title

is _____. I am a custodian of records for Google. I state that each

of the records attached hereto is the original record or a true duplicate of the original record in

the custody of Google, and that I am the custodian of the attached records consisting of

_____ (pages/CDs/kilobytes). I further state that:

      a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

      b.    such records were kept in the ordinary course of a regularly conducted business

activity of Google; and

      c.    such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____      _____

Date                       Signature

**FILED**

APR - 4 2016

Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> _____) | Case: 1:16-mc-00607 <br> Assigned To : Harvey, G. Michael <br> Assign. Date : 3/25/2016 <br> Description: Misc. <br><br> **Filed Under Seal** |

<u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),
requesting that the Court issue an Order requiring Google, an electronic communications service
provider and/or a remote computing service located in Mountain View, CA, to disclose the
records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing
that there are reasonable grounds to believe that the records or other information sought are
relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of
this Order will seriously jeopardize the ongoing investigation, including by giving targets an
opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change
patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,
within ten days of the date of this Order, disclose to the United States the records and other
information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google shall not disclose the existence of the
application of the United States, or the existence of this Order of the Court, to the subscribers of
the account(s) listed in Attachment A, or to any other person, unless and until otherwise

(N)

authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

The Honorable G. Michael Harvey
United States Magistrate Judge

4/1/16
Date

# ATTACHMENT A

## I.     The Account(s)

The Order applies to certain records and other information for any Google account associated with any of the following identifier(s), and any Google account linked thereto by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier:

- █████████████

## II.    Records and Other Information to Be Disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Google account linked to such account or identifier by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

A.     The following information about the customers or subscribers of the Account:

1.     Names (including subscriber names, user names, and screen names);

2.     Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.     Length of service (including start date) and types of service utilized;

6.     Telephone or instrument numbers (including MAC addresses);

7.     Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

8.     Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.     **For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1.     Information about each email sent, received, or stored in draft form by the Account, including the date and time, source and destination information (including account identifiers, email addresses, and IP addresses); and all email header information;

2. Information about other types of communication sent or received by the Account (for example, using Google Voice, Hangouts, or Google+), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

3. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

4. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

5. Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the Account or subscriber (or any unique device or user identifier linked thereto), including any memoranda, notes, files, and any other records related to meetings or discussions about the Account or subscriber (except confidential communications with legal counsel).

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Google to identify or track users or devices, including any cookies used by or known to Google, unique application number, Android ID, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Google, and my official title

is _____. I am a custodian of records for Google. I state that each

of the records attached hereto is the original record or a true duplicate of the original record in

the custody of Google, and that I am the custodian of the attached records consisting of

_____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business

activity of Google; and

    c.    such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____    _____

Date    Signature

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

)
)
)
)
)
)

Case: 1:16—MC—00607
Assigned to: Harvey, G. Michael
Assign Date: 3/25/2016
Description: MISC

**Filed Under Seal**

## APPLICATION OF THE UNITED STATES
## FOR A REVISED ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for a revised Order pursuant to 18

U.S.C. § 2703(d). The proposed Order would require Google, an Internet Service Provider

located in Mountain View, CA, to disclose certain records and other information pertaining to

the email account(s                              The records and other information to be disclosed

are described in Attachment A to the proposed Order. In support of this application, the United

States asserts:

1.    On March 25, 2016, the government applied for an order pursuant to 18 U.S.C.

§ 2703(d) for non-content information associated with a certain Google email account,

arvanitichr@gmail.com.[1] This Court signed the government's proposed order on April 1, 2016.

Although there was some delay in Google's processing of the order, it alerted undersigned

counsel on May 31, 2016, that it possessed no records for

Undersigned counsel then cross-checked Google's email with the order submitted by the

government to this Court and noticed a typographical error in "Attachment A," which lists the

---

[1] In its application, the government requested records fo                              in its opening paragraph. Then in
the factual section it referred to                        According to the                        the email
address used to charter the helicopter is

account subject to the order as ████████████████ ' rather than ████████████████
Undersigned counsel regrets the error.

    2.    Accordingly, the government respectfully requests that the Court sign the attached revised order, which includes the correct email address as provided by ████████████████ ████ The government has no reason to believe that the targets have become aware of the investigation in the interim, and there is still reason to believe, as the Court found in April, that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). The government thus requests an order preventing Google from disclosing the existence of this order to any other person, except to an attorney for Google for the purposes of receiving legal advice.

3.      The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Channing D. Phillips
UNITED STATES ATTORNEY

*Erik Kenerson/KM*

Erik Kenerson
Assistant United States Attorney
Ohio Bar # 82960
555 Fourth Street N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

)
)
)
)
)
)

Case: 1:16—MC—00607
Assigned to: Harvey, G. Michael
Assign Date: 3/25/2016
Description: MISC

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, an electronic communications service

provider and/or a remote computing service located in Mountain View, CA, to disclose the

records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change

patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google shall not disclose the existence of the

application of the United States, or the existence of this Order of the Court, to the subscribers of

the account(s) listed in Attachment A, or to any other person, unless and until otherwise

authorized to do so by the Court, except that Google may disclose this Order to an attorney for

Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until

otherwise ordered by the Court.

 

 

_____

The Honorable G. Michael Harvey
United States Magistrate Judge

_____

Date

# ATTACHMENT A

## I.   The Account(s)

The Order applies to certain records and other information for any Google account associated with any of the following identifier(s), and any Google account linked thereto by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier:

- ███████████████

## II.   Records and Other Information to Be Disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Google account linked to such account or identifier by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses);

        7.    Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.  **For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

    1.  Information about each email sent, received, or stored in draft form by the Account, including the date and time, source and destination information (including account identifiers, email addresses, and IP addresses); and all email header information;

2. Information about other types of communication sent or received by the Account (for example, using Google Voice, Hangouts, or Google+), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

3. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

4. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

5. Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the Account or subscriber (or any unique device or user identifier linked thereto), including any memoranda, notes, files, and any other records related to meetings or discussions about the Account or subscriber (except confidential communications with legal counsel).

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Google to identify or track users or devices, including any cookies used by or known to Google, unique application number, Android ID, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Google, and my official title

is _____. I am a custodian of records for Google. I state that each

of the records attached hereto is the original record or a true duplicate of the original record in

the custody of Google, and that I am the custodian of the attached records consisting of

_____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business

activity of Google; and

c.      such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____          _____

Date                                 Signature

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

**JUN 0 6 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

)
)
)
)
)
)

Case: 1:16—MC—00607
Assigned to: Harvey, G. Michael
Assign Date: 3/25/2016
Description: MISC

**Filed Under Seal**

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, an electronic communications service

provider and/or a remote computing service located in Mountain View, CA, to disclose the

records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change

patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google shall not disclose the existence of the

application of the United States, or the existence of this Order of the Court, to the subscribers of

the account(s) listed in Attachment A, or to any other person, unless and until otherwise

N

authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

6|3|16

_____
Date

_____
The Honorable G. Michael Harvey
United States Magistrate Judge

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Google account associated with any of the following identifier(s), and any Google account linked thereto by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier:

- 

## II. Records and Other Information to Be Disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Google account linked to such account or identifier by recovery email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

    A.   The following information about the customers or subscribers of the Account:

         1.   Names (including subscriber names, user names, and screen names);

         2.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

         4.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

         5.   Length of service (including start date) and types of service utilized;

         6.   Telephone or instrument numbers (including MAC addresses);

         7.   Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

         8.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

    **B. For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

    1.   Information about each email sent, received, or stored in draft form by the Account, including the date and time, source and destination information (including account identifiers, email addresses, and IP addresses); and all email header information;

2. Information about other types of communication sent or received by the Account (for example, using Google Voice, Hangouts, or Google+), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

3. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

4. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

5. Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the Account or subscriber (or any unique device or user identifier linked thereto), including any memoranda, notes, files, and any other records related to meetings or discussions about the Account or subscriber (except confidential communications with legal counsel).

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Google to identify or track users or devices, including any cookies used by or known to Google, unique application number, Android ID, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Google, and my official title

is _____. I am a custodian of records for Google. I state that each

of the records attached hereto is the original record or a true duplicate of the original record in

the custody of Google, and that I am the custodian of the attached records consisting of

_____ (pages/CDs/kilobytes). I further state that:

      a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

      b.    such records were kept in the ordinary course of a regularly conducted business

activity of Google; and

      c.    such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.


_____      _____

Date                    Signature