# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT GOOGLE RELATING TO MULTIPLE ACCOUNTS | Misc. No. _____ <br><br> **Filed Under Seal** |

**APPLICATION OF THE UNITED STATES FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT
GOOGLE RELATING TO MULTIPLE ACCOUNTS**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google Inc. ("Google"), an electronic communication and/or remote computing service provider located in Mountain View, CA, to disclose certain records and other information pertaining to the Google account(s) associated with email address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1. Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." *See* 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating a scheme to illicitly procure items with the purpose of evading U.S. sanctions against the Syrian regime. More specifically, these parties and their co-conspirators employed sophisticated evasion techniques and front companies in dealing with the U.S. financial system to disguise the true nature of their illicit business dealings, as well as to protect and promote the on-going illicit procurement scheme. Payments made in connection with these procurements were illegally sent in U.S. dollars on a number of occasions. The investigation concerns possible violations of, *inter alia*, of the International Economic Emergency Powers Act (IEEPA), codified at 50 U.S.C. § 1701 et seq.; Executive Order ("E.O.") 13582, "Blocking Property of the Government of Syria and Prohibiting Certain Transactions with Respect to Syria," and the money laundering statute, 18 U.S.C. § 1956.

Case 1:23-sc-02999-UNA Document 264-1 Filed 09/08/23 Page 4 of 9

### I. Syrian Sanctions and ▅▅▅▅ Procurement for the Syrian Regime

5. Syria has been designated a State Sponsor of Terrorism since December 1979. Additional sanctions were added in May 2004 via E.O. 13582. Subsequent Executive Orders have imposed additional sanctions targeting, among others, the President of Syria, Bashar al-Assad. On May 18, 2011, the U.S. Department of the Treasury, Office of Foreign Assets Control (collectively, "OFAC"), which is located in Washington, D.C., designated Assad and his chief lieutenants for human rights abuses, including repression of the Syrian people, as well as having benefitted from rampant corruption.

6. The investigation has revealed, based on subpoena returns, a Treasury Department designation (described further below) and open source records, that ▅▅▅▅▅ is ▅▅▅▅▅ ▅▅▅▅▅ which is affiliated with ▅▅▅▅▅ (▅▅▅▅▅") in ▅▅▅▅▅ ▅▅▅▅▅, ▅▅ ▅▅▅▅, and ▅▅▅▅▅ were designated by OFAC on July 21, 2016 for procuring items on behalf of the ▅▅▅▅▅. Law enforcement is aware that the ▅▅▅ is a Syrian government agency, which is believed to be responsible for research and development of nuclear, biological, chemical, and missile technology. Specifically, the Treasury designation stated:



3



## II. Target Account 1 is Used by ▮ ▮, who is ▮

7. Law enforcement has uncovered a number of social media and email accounts used by ▮ and ▮ ▮. Pursuant to grand jury subpoenas, which were accompanied with related nondisclosure orders, for the subscriber information for a number of the accounts associated with ▮ and ▮ ▮ as well as other individuals associated with the ▮ ▮. *See* ▮

8. Subpoena returns revealed that Facebook ID: ▮ and ▮ ("Target Account 1") are used by ▮ ▮. Specifically, both accounts were registered to ▮ ▮. Additionally, both of these accounts listed the same ▮ on the contact information. Both accounts also logged in from the same Syrian IP addresses on repeated occasions. Facebook account ▮ displayed several pictures of Bashar al Assad.

## III. Target Account 2 is Used by ▮ ▮, an Assad Supporter

9. Subpoena returns for Target Account 1 revealed that ▮ was listed as a secondary email address. Law enforcement is aware that a secondary email account is a recovery account that is designated when registering a new email account. If the new account is locked by the provider, or the user forgets the password, recovery information for accessing the primary account is sent to the recovery account. Thus, the recovery account is very sensitive, as it has the means to control the primary account. Law enforcement is further aware that co-conspirators often link their accounts, as this provides a way for one co-conspirator to access / delete another co-conspirator's account in case that co-conspirator becomes a government cooperator or the account is the subject of legal process by the government.

4

10. Based on the name of the ▮▮▮▮▮ account, law enforcement believes that this account is controlled by ▮▮▮ ▮▮▮▮, who (as noted above) operates ▮▮▮▮ ▮▮▮ with ▮▮▮ ▮▮▮▮. The fact that ▮▮▮ ▮▮▮▮ has the recovery account for ▮▮▮ email account reflects that both ▮▮▮▮▮▮ jointly have access to Target Account 1. Based on a search of publically available Facebook records, ▮▮▮▮▮▮▮ is associated with Facebook account ▮▮▮▮▮. This Facebook account has a registered display name of "▮▮▮



11. ▮▮▮▮▮ publicly advertises on the website ▮▮▮▮▮ which is one of the world's largest e-commerce websites. In its advertisement, the ▮▮▮▮▮ lists it point of contact as ▮▮▮▮▮' who law enforcement believes to be the same ▮▮▮ ▮▮▮▮ who operates Target Accounts 1 and 2. The ▮▮▮▮ page also lists ▮▮▮ ▮▮▮▮' position at ▮▮▮▮▮ as ▮▮▮▮▮▮ The page also lists the ▮▮▮▮▮

5

Case 1:23-sc-02999-UNA Document 264-1 Filed 09/08/23 Page 7 of 20

### IV. ▮▮▮▮▮▮▮▮ Has Sent Multiple Suspicious International Wire Transfers

12. The government issued grand jury subpoenas to multiple banks for international financial transactions conducted in U.S. dollars by ▮▮▮▮▮▮▮▮. These returns show that ▮▮▮▮▮▮▮▮ has conducted more than 30 wire transfers internationally, beginning in October 2013. These wires were primarily to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As noted above, ▮▮▮▮▮▮▮▮ was designated for providing support, which may include procuring sensitive technologies, for the ▮▮▮.

13. On a number of these transactions, ▮▮▮▮▮▮▮▮ listed ▮▮▮▮▮▮▮▮▮▮ as its address, which matches the address listed on the Treasury designation. Upon review of the ▮▮▮ business listings, law enforcement learned that this address is used by at least 10 other companies. One of the other companies using this P.O. Box has also been designated by OFAC.

14. Based on the above information, law enforcement believes that ▮▮▮ and ▮▮▮▮▮▮ are jointly engaged in a business to procure sensitive items from ▮▮▮ through the ▮▮▮, to their ultimate location in Syria, which is subject to sanctions.

15. Law enforcement is aware that criminal co-conspirators, money launderers, as well as businessmen, communicate frequently through electronic mediums about their legitimate businesses, illegitimate businesses, and the transfer/commingling of proceeds from such businesses. Private messages and email offer a uniquely valuable form for such communication, as they can be accessed from any location. Many such persons believe that such messages are difficult to trace, which leads them to have inculpatory conversations.

16. Moreover, persons operating international money laundering operations typically have to communicate via email with persons funding their operations, due to the time differences. When transferring funds to co-conspirators, electronic communications normally occur to inform

6

the other party that the money has been sent, followed up by communications that the money has been received. I also know from prior investigations that subordinates in the management chain must communicate to their superiors the status of their illegal tasks as well as receive new illegal tasks.

17. Because criminals who communicate in such a way fear detection and require multiple fake identities, they typically create numerous email accounts. Part of managing this vast number of accounts often leads to the linking of accounts. This allows a single user the ability to access as well as reset passwords for the multiple linked accounts. Law enforcement is aware that the tracking and detection of linked accounts is one way by which a person and/or co-conspirators can be identified. Moreover, the linking of an account can further demonstrate who has access and/or control of an account.

18. The header information of these communications can reveal the scope of the contacts between the money launders and can identify important co-conspirators. The metadata associated with these accounts will assist law enforcement in uncovering the extent of this network, as well as further identify the users of these accounts. This information is relevant to criminal proceedings and their associates.

### REQUEST FOR ORDER

19. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

20. The United States further requests that the Order require Google not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena* ███████████, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

21. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential

8

target(s) an opportunity to flee from prosecution, destroy or tamper with evidence. See 18 U.S.C. § 2705(b)(2)(3)(5).

22. Given the complex nature of the criminal activity under investigation, potential involvement of foreign-based perpetrators, and/or foreign-based evidence, the Government anticipates that this investigation will remain ongoing and confidential for a year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

23. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. ▮)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

          Respectfully submitted,

          CHANNING D. PHILLIPS
          UNITED STATES ATTORNEY

By: _____/s/_____
    Zia M. Faruqui, D.C. Bar No. ▮
    Assistant United States Attorney
    United States Attorney's Office
    555 4th Street NW, 4th Floor
    Washington, D.C. 20530

9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT GOOGLE RELATING TO MULTIPLE ACCOUNTS | Misc. No. _____ <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc. ("Google"), an electronic communication and/or remote computing service provider located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, and destroy or tamper with evidence. See 18 U.S.C. § 2705(b)(2),(3),(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of this Order of the Court to any other person for a period of one year or until otherwise ordered by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____                                          _____
Date                                                     HON. G. MICHAEL HARVEY
                                                         UNITED STATES MAGISTRATE JUDGE


CC:     Zia M. Faruqui
        Assistant United States Attorney
        United States Attorney's Office
        555 4th Street NW, 4th Floor
        Washington, D.C. 20530
        (202) 252-7117
        Zia.faruqui@usdoj.gov

2

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Google account(s) associated with the following identifier(s):

- █████████████████
- █████████████████

## II. Records and other information to be disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Accounts"), for the time period from January 1, 2013 to the Present:

### A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Records of session times and durations (including the IP addresses associated with those sessions);

4. Length of service (including start date) and types of service utilized;

5. Telephone or instrument number or other subscriber number or identity (including device identification and the Internet Protocol (IP) address associated with registration, and MAC addresses); and

6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. **For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications):**

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc. ("Google"), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    Such records were kept in the ordinary course of a regularly conducted business activity of Google; and

    c.    Such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAR - 9 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT GOOGLE RELATING
TO MULTIPLE ACCOUNTS

Case: 1:17-mc-00524
Assigned To : Harvey, G. Michael
Assign. Date : 3/7/2017
Description: Miscellaneous

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc. ("Google"), an electronic communication and/or remote computing service provider located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, and destroy or tamper with evidence. See 18 U.S.C. § 2705(b)(2),(3),(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of this Order of the Court to any other person for a period of one year or until otherwise ordered by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

3\7\17
Date

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

CC: Zia M. Faruqui
Assistant United States Attorney
United States Attorney's Office
555 4th Street NW, 4th Floor
Washington, D.C. 20530
(202) 252-7117
Zia.faruqui@usdoj.gov

2

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Google account(s) associated with the following identifier(s):



## II. Records and other information to be disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Accounts"), for the time period from January 1, 2013 to the Present:

### A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Records of session times and durations (including the IP addresses associated with those sessions);

4. Length of service (including start date) and types of service utilized;

5. Telephone or instrument number or other subscriber number or identity (including device identification and the Internet Protocol (IP) address associated with registration, and MAC addresses); and

6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

2

B. **For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications):**

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc. ("Google"), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b. Such records were kept in the ordinary course of a regularly conducted business activity of Google; and

    c. Such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature