# ATTACHMENT A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO RELATING TO ACCOUNT ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Misc. No. _____ <br><br> **Filed Under Seal** |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT YAHOO RELATING TO ACCOUNT** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, CA, to disclose certain records and other information pertaining to the Yahoo account(s) associated with email account ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1. Yahoo is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Yahoo to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating ▓▓▓▓ and co-conspirators known and unknown for facilitating business activity between individuals in the U.S. and designated terrorists in Afghanistan and Pakistan. This investigation concerns possible violations of, inter alia, financing terrorism, in violation of 18 U.S.C. § 2339C, and Title 18, U.S.C. § 1956(a)(2)(A) (the international promotional money laundering statute).

<u>The Target Account is Associated with ▓▓▓▓, a Designated Terror Financier</u>

5. Law enforcement began investigating ▓▓ ▓▓ based on his connection to ▓▓ ▓▓. In June 2011, the Department of Treasury designated ▓▓ for financing the Taliban and Haqqani Network. A Confidential Human Source (CHS) indicated that after ▓▓ was designated, he began doing business through front companies that transacted business internationally. The

2

CHS additionally indicated that ▆ and his associates used money derived from front companies to financially support the Haqqani Network.

6. Financial records also reveal that ▆ used ▆▆▆▆ to transfer money internationally prior to, and immediately following, his designation; however, after this time he stopped using ▆▆▆▆. Law enforcement believes that after being designated, he began using other individuals to make payments on his behalf. Law enforcement believes this to be an attempt to avoid detection by law enforcement.

7. During the course of the investigation, ▆ was detained by ▆ authorities. In December 2015, U.S. law enforcement conducted a Mirandized interview with ▆ while he was incarcerated by ▆▆▆ During this interview, ▆ admitted to being involved with the Taliban Regime, to knowing senior officials in the Haqqani terrorist network, and indicated that he was friends with ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

8. This Court previously issued a sealed search warrant for the content of ▆ Facebook Account. *See* ▆▆▆▆▆▆ The search warrant returns revealed communications with multiple suspected terrorists who operate in Afghanistan and Pakistan. These search warrant returns also corroborated that ▆ was ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

9. The search warrant returns also revealed that ▆ and a person by the name of ▆▆, using Facebook ID ▆▆▆▆▆▆ were part of a discussion group with 15 other individuals. Law enforcement is aware that Facebook discussion groups are a discreet way for individuals with common purposes to privately communicate.

3

Case 1:23-sc-09999-UNA   Document 273-1   Filed 09/11/23   Page 5 of 19

10. Financial returns indicate that ▆, like ▆, has transferred money internationally via ▆▆▆▆. ▆ received $500 from ▆▆▆▆ via ▆▆▆▆ in October 2012. ▆▆▆▆ ▆ claimed his employment was ▆▆▆▆ ▆▆▆▆ press indicates that ▆▆▆▆ ▆ was previously ▆▆▆▆▆▆▆▆▆▆▆▆ and was formerly the ▆▆▆▆▆▆▆▆▆▆▆▆ Law enforcement is aware that ▆▆▆▆ ▆ was

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

11. ▆ received a payment via ▆▆▆▆ from an individual in ▆▆▆▆▆▆▆▆▆▆▆▆ who used an ▆▆▆ phone number ending in ▆▆▆ Law enforcement uncovered evidence indicating that i▆▆▆▆▆▆▆ four individuals emplaced an improvised explosive device targeting a U.S. unit in July 2012. These individuals were detained at the scene of the crime and all tested positive for explosive residue. Their cellular phones were taken at that time and one of the phones listed the ▆▆▆ phone number ending in ▆▆▆ as a contact, indicating ▆ was likely in communication with one of these insurgents.

12. ▆ received $500 via ▆▆▆▆ from an individual named ▆▆▆ who claimed to reside ▆▆▆▆▆▆▆▆▆▆▆▆ listed an ▆▆▆ phone number ending in ▆ on his contact form when he sent this financial transfer. This phone number is associated with the Facebook profile of ▆▆▆▆ This Facebook profile indicates that ▆▆▆▆ is interested in, among other things ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Law enforcement is aware that insurgents operating in ▆▆▆▆ often express interest in defense related Facebook pages to get automatic updates from these Facebook pages to learn of potential targeting opportunities.

4

13. In April 2016, law enforcement subpoenaed the subscriber information for ▌ Facebook account (Facebook ID ▌. *See* ▌ The subpoena returns revealed that the Facebook account had a registered user name of ▌" however, the account name visible to the public is ▌ Law enforcement is aware that this indicates that the user changed their user name after creating the account. IP logins show this account was primarily accessed from ▌ The subpoena returns show that the account is associated with a ▌ phone number ending in ▌ and a ▌ phone number ending in ▌ Both of these phone numbers have been verified by Facebook, and ▌ listed the ▌ phone number ending in ▌ on ▌ financial transfers.

14. Law enforcement conducted a review of the ▌ Facebook profile. This review revealed multiple indications that ▌ is affiliated with extremists beyond ▌.

    a. On July 30, 2015, shortly after the Taliban announced that their leader, Mullah Omar, had died, ▌

    b. On August 5, 2013, ▌ posted the words ▌



15. This Facebook account lists ▌ ("Target Account") as the "Registered Email Address", indicating that this account is used by the same individual as the Facebook account.

5

**REQUEST FOR ORDER**

16. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual who is responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that Yahoo be directed to produce all items described in Part II of Attachment A to the proposed Order.

17. The United States further requests that the Order require Yahoo not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required

6

to issue the non-disclosure order.").

18. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

19. Given the complex nature of the criminal activity under investigation, potential involvement of foreign-based perpetrators, and/or foreign-based, the Government anticipates that this investigation will remain ongoing and confidential for the next 180 days or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

20. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated

above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

                                          Respectfully submitted,

                                          CHANNING D. PHILLIPS
                                          UNITED STATES ATTORNEY

                         By:     /s/                        
                                          ZIA M. FARUQUI
                                          Assistant United States Attorney
                                          D.C. Bar Number 494990
                                          United States Attorney's Office
                                          555 Fourth Street, N.W.
                                          Washington, D.C. 20530
                                          Telephone: 202-252-7117
                                          Email: zia.faruqui@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT YAHOO RELATING TO ACCOUNT ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Misc. No. _____<br><br>**Filed Under Seal** |

### ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving the subjects an opportunity to endanger the physical safety of individuals, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of this Order of the Court to any other person for a period of 180 days or until otherwise

ordered by the Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HON. ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:  ZIA M. FARUQUI
     Assistant United States Attorney
     United States Attorney's Office
     555 Fourth Street, N.W.
     Washington, D.C. 20530
     Telephone: 202-252-7117
     Email: zia.faruqui@usdoj.gov

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Yahoo account(s) associated with the following identifier(s):

- 

## II. Records and other information to be disclosed

Yahoo is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") for the time period from June 2011 to the present:

### A. Information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

### B. All records and other information relating to the Account(s) (except the contents of communications), including:

3

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo! Inc. ("Yahoo"), and my official title is _____. I am a custodian of records for Yahoo. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b. Such records were kept in the ordinary course of a regularly conducted business activity of Yahoo; and

    c. Such records were made by Yahoo as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date  Signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 23 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT YAHOO RELATING TO
ACCOUNT

Case: 1:17-mc-00610
Assigned To : Meriweather, Robin M.
Assign. Date : 3/21/2017
Description: Misc.

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo! Inc. ("Yahoo"), an electronic communication and/or remote computing service provider located in Sunnyvale, CA, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving the subjects an opportunity to endanger the physical safety of individuals, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. See 18 U.S.C. § 2705(b)(1)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of this Order of the Court to any other person for a period of 180 days or until otherwise

ordered by the Court, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HON. ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

March 22, 2017
Date

CC: ZIA M. FARUQUI
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7117
Email: zia.faruqui@usdoj.gov

2

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Yahoo account(s) associated with the following identifier(s):

[redacted]

## II. Records and other information to be disclosed

Yahoo is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") for the time period from June 2011 to the present:

### A. Information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

### B. All records and other information relating to the Account(s) (except the contents of communications), including:

3

1. Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

4

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo! Inc. ("Yahoo"), and my official title is _____. I am a custodian of records for Yahoo. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    Such records were kept in the ordinary course of a regularly conducted business activity of Yahoo; and

    c.    Such records were made by Yahoo as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date    Signature